**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1376-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

THOMAS PAOLINO,
a/k/a THOMAS A. PAOLINO,

    Defendant-Appellant.

_____

Submitted January 4, 2021 – Decided August 5, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 08-09-1010.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Thomas Paolino appeals from the October 10, 2019 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing challenging the sentence he received for the first-degree aggravated manslaughter of his teenage girlfriend, whose body he buried in a state forest. We affirm.

I.

On April 2, 2008, defendant, then nineteen years old, was involved in a dating relationship with a nineteen-year-old woman. The two traveled together from Staten Island to a wooded area of the Wharton State Forest in Burlington County where they had previously gone camping. They became involved in an argument. Defendant choked the victim and stabbed her in the throat. She died as a result of the injuries defendant inflicted on her. Defendant subsequently moved the victim's body and buried it in a shallow grave in a remote area of the forest, intending that it would not be discovered.

A grand jury indicted defendant, charging him with: (1) first-degree murder, N.J.S.A. 2C:11-3(a)(1); (2) second-degree desecrating human remains, N.J.S.A. 2C:22-1(a)(1); (3) third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); (4) fourth-degree unlawful theft or receipt of a credit card, N.J.S.A.

2

2C:21-6(c)(1); and (5) third-degree hindering prosecution, N.J.S.A. 2C:29-3(b)(1).

Defendant was represented by counsel who negotiated a plea agreement with the State. According to the terms of the agreement, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), a downgrade of the first count of the indictment, and third-degree hindering prosecution, N.J.S.A. 2C:29-3(b)(1). In exchange for defendant's plea, the State agreed to recommend a sentence of twenty-three-and-one-half years of imprisonment for aggravated manslaughter and a concurrent five-year term of imprisonment for hindering prosecution. The remaining counts of the indictment would be dismissed.

At sentencing, the court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense . . . ."), six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted . . . ."), and nine, N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law . . . ."). The court found no mitigating factors.

The court sentenced defendant in accordance with the plea agreement. For aggravated manslaughter, defendant received twenty-three-and-one-half years

3

of imprisonment, with an eighty-five-percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. For hindering prosecution, defendant received a five-year term of imprisonment to run concurrently with the sentence for aggravated manslaughter.

A September 22, 2009 judgment of conviction memorializes defendant's convictions and sentence. Defendant did not file a direct appeal.

On September 24, 2018, more than nine years after entry of the judgment of conviction, defendant filed a petition for PCR. In a subsequently filed amended petition, he alleged he was denied effective assistance of counsel at his sentencing hearing because his trial counsel: (1) failed to argue for a lower sentence than recommended by the State; (2) did not urge the court to find defendant's age at the time of the offenses to be a mitigating factor; (3) failed to review the presentence report with defendant and correct errors in the report involving defendant's criminal history, including, allegedly, that some juvenile charges were dismissed and that others might be subject to expungement in the future; (4) told defendant not to speak at sentencing or to the court employees preparing the presentence report, which, allegedly, gave the court the impression he was not remorseful; and (5) did not object to statements made at sentencing by members of the victim's family accusing defendant of having raped and

beaten the victim.  Defendant does not ask to withdraw his guilty plea and seeks only a new sentencing hearing.  He alleged he filed the petition beyond the statutory deadline because his trial counsel did not respond to repeated requests for a copy of his file and ultimately destroyed the file.

The State opposed the petition, arguing both that it was time barred and that the claims defendant asserts therein were substantively deficient.

On October 10, 2019, Judge Mark P. Tarantino issued a written opinion concluding that defendant's petition was time barred and substantively meritless. The court found that although defendant claims his trial counsel was uncooperative in providing him a copy of his file, he "has not alleged specific facts or proofs to substantiate his claims."  In addition, the court found that

> [w]hile possession of the file might have aided the [defendant] in drafting his petition, it was not required. Court transcripts were always available to [defendant]. Also, while difficulty communicating with a trial attorney may pose a challenge to filing a motion for PCR, there is no reason stated why [defendant] waited over four years after the August 26, 2014 letter from his attorney . . . to file his PCR petition.[1]
>
> [(emphasis in original).]

---

[1] Although the trial court's opinion and the parties' briefs refer to an August 26, 2014 letter from defendant's counsel to defendant, we have not been provided a copy of that document.  We gather from the record that in the letter the attorney informed defendant that he had destroyed his file relating to defendant's trial.

A-1376-19

In addition, the court found that defendant had not made a credible claim that his sentence was unjust or unconstitutional or that there was any serious question as to the validity of the facts to which he pled. Thus, the court concluded, defendant did not establish he would suffer a fundamental injustice if not allowed to proceed with his late-filed petition. While acknowledging that the prejudice to the State from a new sentencing proceeding more than a decade after the underlying crimes would be less than it would be from a new trial, the court found that this factor did not excuse defendant's significant and unexplained delay in filing his petition.

The court also concluded that, even if his petition was not time barred, defendant did not make a prima facie showing of ineffective assistance of counsel. The court concluded that trial counsel "did an admirable job negotiating an easily proven murder charge to a plea of manslaughter with a sentence of [twenty-three] and one half years instead of [thirty] years." The court also noted that the "State offered a very generous plea agreement which was against the wishes of the victim's family. This agreement significantly limited [defendant's] exposure at sentencing."

Judge Tarantino also found that trial counsel's failure to argue that defendant's age was a mitigating factor was not ineffective assistance of counsel

6

because mitigating factor thirteen applied only where "a youthful defendant was substantially influenced by another person more mature than the defendant," N.J.S.A. 2C:44-1(b)(13), which is not applicable here. The court concluded that recent precedents concerning the sentencing of juvenile offenders on which defendant relies do not apply to adult defendants. See Miller v. Alabama, 567 U.S. 460, 465 (2012) (holding that mandatory life term without parole for juveniles convicted of homicide is unconstitutional); Graham v. Florida, 560 U.S. 48, 82 (2010) (holding that imposing life term without parole on juveniles convicted of non-homicide offenses is unconstitutional); State v. Zuber, 227 N.J. 422, 446-47 (2017) (holding that "Miller's command that a sentencing judge 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison,' applies with equal strength to a sentence that is the practical equivalent of life without parole." (quoting Miller, 567 U.S. at 480) (citation omitted)).

The court concluded that the alleged errors in the presentence report were immaterial to the outcome of the sentencing hearing. Judge Tarantino noted that the sentencing judge did not take defendant's arrests into account in setting his sentence, but only considered the arrests to evaluate whether to accept the plea agreement. In addition, Judge Tarantino found that defendant was present in

7

court when his counsel stated that he had reviewed the presentence report with defendant and did not correct him. The court also found that trial counsel's advice to defendant not to speak at sentencing was reasonable, given that the amended charge and favorable sentence had been negotiated prior to sentencing.

In addition, the judge noted that although the sentence defendant received is three and a half years above the presumptively valid sentence for aggravated manslaughter, it is significantly below his exposure to thirty years' imprisonment with no parole eligibility to life with a thirty-year period of parole ineligibility for murder, which was the original charge lodged against him. Defendant's counsel, the court noted, also negotiated the dismissal of other charges. Finally, the judge concluded that the sentencing transcript established that the court determined defendant's sentence on appropriate statutory factors and not on any comments made by the victim's family.

An October 10, 2019 order memorializes the trial court's decision.

This appeal follows. Defendant raises the following arguments.

> POINT I
>
> BY FINDING THAT THE PETITION WAS TIME BARRED BY STATUTE, THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

POINT II

THE LOWER COURT ERRED IN FINDING THAT TRIAL COUNSEL PROVIDED EFFECTIVE REPRESENTATION DURING THE SENTENCING PORTION OF THE CASE.

POINT III

BECAUSE THE PETITIONER MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

II.

Having carefully reviewed the record, we find insufficient merit in these arguments to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons contained in the thorough and comprehensive written decision of Judge Tarantino. We add only the following brief comments.

We agree with Judge Tarantino that defendant's PCR petition is time-barred. Rule 3:22-12 requires a first PCR petition to be filed within five years of the judgment of conviction. As case law instructs, the five-year time bar for a first PCR petition is an important procedural requirement. The time bar only should be relaxed in "exceptional" situations that are specified in the Rule. See

e.g., State v. Mitchell, 126 N.J. 565, 576-77 (1992) (declaring time-barred a PCR petition filed six-and-a-half years after a defendant's conviction); State v. Jackson, 454 N.J. Super. 284 (App. Div. 2018) (enforcing the time bar against a defendant whose petition was filed fourteen years after his conviction).

Rule 3:22-12(a)(1)(A) provides that a PCR petition may be considered if

> it alleges facts showing that the delay beyond [the five-year bar] was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . .

The factors considered by the court to determine if exceptional circumstances exist are the cause of the delay, the extent of the delay, the prejudice to the State, and the importance of the defendant's claims. State v. Afanador, 151 N.J. 41, 52 (1997). A defendant must submit "sufficient competent evidence" to establish excusable neglect to relax the time bar. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). A substantial delay in filing a PCR petition increases the already substantial burden to show excusable neglect and that a fundamental injustice will result if the petition is not heard. See Afanador, 151 N.J. at 52 (recognizing "the burden to justify filing a petition after the five-year period will increase with the extent of the delay"). A defendant's lack of sophistication in

10

the law does not establish excusable neglect, especially given the long delay in the case. State v. Murray, 162 N.J. 240, 246 (2000).

We find ample support in the record for Judge Tarantino's conclusion that defendant did not establish excusable neglect for his prolonged inaction. Defendant's claim to have been frustrated in his attempt to obtain a copy of his file from his trial counsel, if proven true, would not constitute excusable neglect. Defendant did not need to have a copy of his attorney's file to file a PCR petition. The claims he raises arise from his interactions with trial counsel and proceedings at which he was present. He could have certified what he recalled having taken place with counsel and ordered transcripts of the proceedings. With that information, he could have filed a petition. In addition, the parties agree that as of August 2014 defendant was aware that his trial counsel had destroyed his file relating to defendant's trial. Defendant waited four more years to file his PCR petition. He has not explained that delay.[2]

We need not comment in detail about defendant's substantive arguments because we agree with the trial court's conclusion that they are time barred.

---

[2] We also note that defendant's petition states that he reviewed his presentence report when he was sent to the Department of Corrections Central Reception and Assignment Facility where he was sent after sentencing for classification and placement in a facility within the State prison system.

However, even though Judge Tarantino correctly found defendant's petition procedurally barred, he considered the merits of each of defendant's arguments. We, therefore, comment briefly on the court's substantive conclusions.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense[,]" id. at 687, because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[,]" id. at 694; accord State v. Nunez-Valdez, 200 N.J. 129,

A-1376-19

139 (2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697. The right to the effective assistance of counsel extends to legal assistance related to the entry of a guilty plea. State v. Gaitan, 209 N.J. 339, 350-51 (2012).

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing Marshall, 148 N.J. at 157-58). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or

her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

Judge Tarantino's conclusion that defendant did not make a prima facie showing of ineffective assistance of counsel is well supported by the record. Defendant's counsel negotiated a very favorable plea agreement and defendant received the sentence for which he bargained. There is nothing in the record suggesting that the trial court considered inappropriate factors or would have been convinced to give defendant a sentence more lenient than that which he obtained through the plea agreement. Nor is there any suggestion by defendant that he did not kill the victim as he admitted during his plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-1376-19